## MEYERCORD CO v ROYAL REMEDY & EXTRACT CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1140. Decided Dec 29, 1932

Kusworm & Shaman, Dayton, Harry Winer, and Kersting & Blau, Dayton, for plaintiff in error.

Thomas, Hyer & Leyland, Dayton, for defendant in error.

KUNKLE, J.

From such judgment error is prosecuted to this court.

Counsel have favored the court with very exhaustive briefs in which pertinent quotations from the testimony are set forth and in which various sections of the code and authorities are cited. We have considered these briefs and the record with care. We shall not attempt to quote from the record in detail but will content ourselves with merely announcing the conclusion at which we have arrived after a careful consideration of the record.

There has also been filed with us the written opinion of Judge Snediker of the Court of Common Pleas, in which he re-

views not only the pleading but also to some extent the evidence and certain of the authorities and sections of our code cited by counsel.

Our consideration of the case leads us to the same conclusion as that which was reached by Judge Snediker. We think the pertinent and controlling facts as found by him in his decision are supported by the record. It will be unnecessary for us to repeat such findings.

One of the grounds urged by counsel for plaintiff in error relates to the claim of ultra vires.

It must be kept in mind that §8623-8 GC, the last paragraph of which section is strongly urged by counsel for plaintiff in error was not in effect when the contract in question was executed.

The amendment to our corporation act referred to and urged with much force did not take effect until after the contract in question was entered into.

As stated by Judge Snediker the plaintiff in error may have a cause of action against Robinhood Corporation but we cannot escape the conclusion that they have no cause of action against defendant in error. For the reasons stated in detail in the opinion of Judge Snediker, we think the judgment of the Common Pleas Court should be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.